[ECF Nos. 201, 202]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| ERIC POE,<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>DRIVER HISTORY SALES CORP. et al.,<br><br>    **Defendants.** | Civil No. 20-14586 (RMB/SAK) |

### OPINION AND ORDER

These matters are before the Court on the motions *in limine* filed by Defendants Stephen Esposito and Scott Nichols ("Individual Defendants") [ECF No. 201] and Plaintiff Eric Poe [ECF No. 202]. The Court received Plaintiff's opposition to the Individual Defendants' motion [ECF No. 205] and the Individual Defendants' opposition to Plaintiff's motion [ECF No. 206]. The Court exercises its discretion to decide the motions without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the Individual Defendants' motion [ECF No. 201] is **GRANTED**; Plaintiff's motion [ECF No. 202] is **GRANTED** in part and **DENIED** in part.

### I.  BACKGROUND

This matter's underlying facts and procedural history are known to the parties, and therefore the Court recites only the facts necessary to resolve the instant disputes. Plaintiff brought this action against his former associates in a joint business venture, asserting claims, *inter alia*, of breach of contract, fraud, aiding and abetting fraud, and tortious interference. Am. Compl. ¶¶ 2, 29–32, 110–52, ECF No. 31. In February of 2022, the parties engaged in limited discovery relating to the interpretation of the parties' consulting agreement and aimed at obtaining evidence to aid in

the disposition of the multiple defendants' motions to dismiss. *See* Order, ECF No. 65; *see also* Scheduling Order, ECF No. 68.  These motions were ultimately denied, prompting the opening of full discovery. *See* Opinion and Order, ECF Nos. 101, 102.  The parties engaged in full discovery between January 12, 2024 and May 15, 2025. *See* Scheduling Order for Full Discovery, ECF No. 144; *see also* April 25, 2025 Text Order, ECF No. 174.  After numerous extensions of discovery deadlines, all affirmative expert reports in this matter were due by January 10, 2025. *See* November 22, 2024 Text Order, ECF No. 167.  The Joint Final Pretrial Order ("JFPO") [ECF No. 215] was entered on March 20, 2026, with a jury trial scheduled to begin August 3, 2026 [ECF No. 212]. At issue are Individual Defendants' and Plaintiff's motions *in limine* to preclude testimony at trial by certain witnesses.

### A. Individual Defendants' motion

The Individual Defendants move to preclude Plaintiff from calling Westley Johnson ("Johnson") as an expert witness at trial or otherwise utilizing any report or certification by him, arguing Plaintiff failed to disclose Johnson as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). Defs.' Mem. at 2, ECF No. 201-1.  Johnson first emerged in this litigation in 2022 by way of a certification challenging the authenticity of a physical printout of an email chain used by Individual Defendants in support of their motion to dismiss. *See* Pl.'s Ex. B., Johnson Cert. ("Johnson Cert."), ECF No. 98-12.[1]  The emails purportedly reflected, in part, the parties' negotiation of the Consulting Agreement at the heart of this litigation.  Defendant Esposito testified that he printed this email chain during a business dispute in 2008. Pl.'s Ex. B, Esposito Dep. at

---

[1] Plaintiff's briefing included a certification of Johnson analyzing the email chain, Johnson's CV, and a copy of the email chain with added highlights. *See* Johnson Cert., ECF No. 98-12; *see also* Johnson C.V., ECF No. 98-13; *see also* Email Chain, ECF No. 98-14.

43:10–46:25, ECF No. 201-4.  Johnson next appears in 2026 in a revised draft of the parties' proposed JFPO. *See* Defs.' Mem. at 4, ECF No. 201-1.

In his Rule 26(a)(2) expert witness disclosures served on January 10, 2025, Plaintiff identified only one expert witness, Jeffrey Katz, ". . .  to provide expert testimony at trial under Federal Rule of Evidence 702, 703, 705." *See* Defs.' Ex. F, Pl.'s Expert Discl., ECF No. 201-8. Johnson was not identified as an expert witness as part of Plaintiff's initial disclosures. *See* Defs.' Ex. D, Pl.'s Initial Discl., ECF No. 201-6. The Individual Defendants now seek to preclude Johnson from testifying at trial, arguing that Plaintiff's failure to disclose Johnson as a trial witness is an attempt at trial by ambush.  They contend that Plaintiffs' disclosure of Johnson as an expert witness occurred long after the Court-ordered deadline to serve expert reports. Defs.' Mem. at 7–8, ECF No. 201-1.  Further, Individual Defendants assert that Plaintiff has yet to produce a full and complete expert disclosure pursuant to Rule 26(e). *Id.*

Individual Defendants argue that without full disclosure, they are hamstrung in their ability to adequately respond to Johnson's proposed expert testimony. *Id.* at 7–9.  They maintain that they were blindsided by Plaintiff's last-minute disclosure of his intent to use Johnson as at trial. *Id.* at 9.  Consequently, they state that they were deprived of the opportunity to obtain a rebuttal expert, seek additional discovery, or depose Johnson. *Id.* at 8–9.  In sum, they argue that the prejudice associated with permitting Johnson to testify or render opinions at trial is serious. *Id.* at 7.

Plaintiff opposes the Individual Defendants' motion.  He argues that his failure to formally disclose Johnson as an expert witness does not prejudice the Individual Defendants because they have known about Johnson since 2022, when Plaintiff filed a brief incorporating Johnson's certification. Pl.'s Opp. at 4–7, ECF No. 205.  Plaintiff argues that this disclosure by way of briefing constitutes substantial compliance with the requirements of Fed. R. Civ. P. 26(a)(2). *Id.*

3

at 7.  In addition to the 2022 certification, Plaintiff argues that he identified Johnson as an expert in response to the Individual Defendants' interrogatories. *Id*. at 5.  Finally, Plaintiff alleges that formal disclosure was not required under Rule 26 because Johnson is being introduced "solely for the purposes of impeachment . . . he will be called at trial ***only*** to opine on the authenticity of the emails at issue." *Id*. at 8 (emphasis in original).

### B.  Plaintiff's motion

Plaintiff seeks to preclude the Individual Defendants from calling four fact witnesses at trial, alleging that these witnesses were not disclosed pursuant to Federal Rules of Civil Procedure 26 and 37. *See generally* Pl.'s Mem., ECF No. 202-2.  Specifically, Plaintiff seeks to bar trial testimony from Dave McGough ("McGough"), Michael Scott ("Scott"), Scott Keesal ("Keesal"), and Marc Buro ("Buro"). *Id.* at 1.  Plaintiff alleges these four witnesses were not disclosed until the parties' proposed JFPO. *Id*. at 2.  Accordingly, Plaintiff contends, the delayed disclosures lead to undue surprise, delay of trial, and severe prejudice. *Id*. at 8–10.  Plaintiff claims that Individual Defendants' failure to properly disclose these witnesses leaves him scrambling to confront four new fact witnesses with no knowledge as to how these witnesses will testify. *Id.* at 9.  Plaintiff argues that where the relevance of these additional witnesses is not sufficiently clear, he may very well be left reconsidering his litigation strategy, necessitating further discovery. *Id.*  Plaintiff asserts that any potential prejudice would be cured only by reopening fact discovery to permit depositions of these witnesses before trial. *Id*. at 10.

The Individual Defendants oppose Plaintiff's motion.  As to witnesses McGough and Scott, the Individual Defendants argue these witnesses were properly disclosed in their initial Rule 26 disclosures. *See* Defs.' Opp. at 2, ECF No. 206; *see also* Defs.' Opp. Ex. A, Defs.' Initial Discl. at 5, ECF No. 206-2.  As to witnesses Keesal and Buro, the Individual Defendants assert that they

4

were made known to Plaintiff through depositions, document production, and responses to interrogatories. *Id*. at 6.  As such, Individual Defendants claim that there was no requirement under Rule 26(e) to supplement their disclosures. *Id*. at 7–10.

## II.     **DISCUSSION**

### A.  **Legal Standard**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  As to expert witnesses, parties "must make these disclosures at the time and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).  Expert disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained . . . to provide expert testimony in the case." FED. R. CIV. P. 26(a)(2)(B).

Additionally, Fed. R. Civ. P. 26(e) imposes a continuing obligation on parties to timely supplement or correct prior "incomplete or incorrect" discovery disclosures and responses, including expert witness disclosures, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process."  The continuing obligation to supplement discovery disclosures "is meant to ensure that the playing field remains level, narrow the relevant issues, and avoid 'undue prejudice and surprise' to the opposing party." *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-cv-3770, 2010 WL 1849913, at *3 (D.N.J. May 7, 2010).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).  In other words, "[f]ailure to comply with Rule 26(a) precludes a party from using any information or witness not disclosed." *Eli Lilly*

*& Co.*, 2010 WL 1849913, at *4 (quoting *Harlow v. Eli Lilly & Co.*, No. 94-cv-4840, 1995 WL 319728, at *1 (N.D. Ill. May 25, 1995)).  While the decision to exclude a witness is ultimately discretionary, the Third Circuit has provided four factors to guide courts in their determination of whether exclusion is proper: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

### B.  Analysis

#### 1.  Individual Defendants' motion

The Individual Defendants seek to preclude Plaintiff from offering any testimony or reports by Johnson at trial.  They argue that Plaintiff violated the Rule 26(a)(2) expert disclosure requirements and the Court's Scheduling Order.  The Court agrees.  Plaintiff did not disclose Johnson as an expert witness in his initial disclosures nor his Rule 26(a)(2) expert disclosures. *See* Defs.' Ex. D, Pl.'s Initial Discl., ECF No. 201-6; *see also*, Defs.' Ex. F, Pl.'s Expert Discl., ECF No. 201-8.  Instead, Plaintiff claims that he identified Johnson as an expert witness in response to one of the Individual Defendants' interrogatories. Pl.'s Opp. at 5, ECF No. 205.  A closer look at Plaintiff's response suggests otherwise.  Individual Defendants' interrogatory asked that Plaintiff "[i]dentify every expert you have consulted or retained in connection with this litigation . . . ." Defs.' Ex. E, Pl.'s Interrog. Resp. at 4, ECF No. 201-7.  Plaintiff's response "directs the Individual Defendants to the September 28, 2022 Certification of Westley Johnson filed at ECF No. 98-12." *Id.*  While Plaintiff appears to properly respond to the interrogatory, the Court notes that the interrogatory merely requested the identity of experts consulted or retained, as opposed to experts

intended to be called at trial.  Plaintiff's response does not indicate that he intended to call Johnson as a testifying expert at trial.  In fact, Plaintiff's response "reserves the right to supplement and amend this response to identify [his] testifying expert(s) . . . in accordance with the Court's Scheduling Order." *Id.*  Plaintiff, however, never supplemented or amended his response to identify Johnson as a testifying expert.

Plaintiff contends that formal disclosure of Johnson was not required because Johnson and his proposed testimony were "otherwise made known" to Defendants since Plaintiff's 2022 briefing. Pl.'s Opp. at 4–8, ECF No. 205.  Plaintiff relies on *Eli Lilly* to support this proposition. In *Eli Lilly*, the defendants sought to bar the testimony of a fact witness at trial, arguing the witness was first identified during the joint preparation of a final pretrial order. *Eli Lilly & Co.*, 2010 WL 1849913, at *4.  The Court found that, despite mentions of the witness during deposition, the witness was not adequately disclosed pursuant to Rule 26 and found that the genuine prejudice to the defendants could be cured by permitting the deposition of the witness before trial. *Id.* at *7– 10.  The court explicitly stated that the fact witness, a doctor, was "not permitted to offer expert (or lay opinion) testimony," as there was "no compliance with Rule 26's expert disclosure requirements." *Id.* at *10.  As the witness in this case is expected to provide expert testimony, the Court finds Plaintiff's reliance on *Eli Lilly* unavailing.

Plaintiff also claims that formal disclosure was not required under Rule 26(a)(2) because Johnson will be brought in to challenge the authenticity of emails, which falls under the impeachment exception of Rule 26(a). Pl. Opp. at 8, ECF No. 205.[2]  In support of this position,

---

[2] Plaintiff's brief muddles the distinction of impeaching a witness—a method of challenging the credibility of a witness under Fed. R. Ev. 607—and challenging the authenticity of a document—a method of disputing that a document is what it is purported to be under Fed. R. Ev. 901.  Plaintiff cites no case suggesting that impeachment and challenging document authenticity are interchangeable for purposes of disclosure exceptions under Fed. R. Civ. P. 26.

Plaintiff relies on *Holley v. Port Authority of New York*, 14-cv-7534, 2018 WL 11413338 (D.N.J. May 3, 2018).  There, the Court permitted two human resources personnel to testify as to their knowledge of human resources policies and procedures, even though the witnesses were never disclosed. *Id*. at *8.  This Court again distinguishes the present matter.  In *Holley*, the human resources personnel were fact witnesses produced "'to authenticate Port Authority Policies, which have been produced in discovery' and 'for impeachment purposes to the extent plaintiff has denied receiving these policies or any training on them.'" *Id*.  Here, even if part of Johnson's testimony was somehow wielded to impeach a witness at trial, his expert testimony challenging the authenticity of the email chain remains subject to the requirements of both Rule 26(a)(2) and the Court's Scheduling Order related to expert discovery.

Plaintiff's failure to serve expert disclosures as to Johnson pursuant to Rule 26(a)(2)(A) and the Court's Scheduling Order warrants exclusion pursuant to Rule 37.  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).  Here, the Court finds Plaintiff's failure was neither substantially justified nor harmless.  While the Court need not conclude that Plaintiff's failure to comply with his discovery obligations was willful or done in bad faith, the Court finds that the Individual Defendants would be severely prejudiced if Johnson were allowed to testify at trial.  The Court further finds that efforts to cure this prejudice would necessarily disrupt the imminent trial in this case, now scheduled for August 3, 2026.

Individual Defendants state that they still have not received Johnson's full expert disclosures and therefore do not know his full and complete opinions, the facts upon which he relies, whether his opinions are scientifically based, and whether his opinions can be reviewed or

tested. Defs.' Mem. at 7, ECF No. 201-1.  They further argue that they were deprived of the opportunity to obtain a rebuttal expert, seek additional discovery, or depose Johnson. *Id.* at 8–9. There is little ability to cure the prejudice to the Individual Defendants without turning back the clock and reopening discovery.  The Court notes that the deadlines for fact and expert discovery have long passed.  To the extent the parties completed the final pretrial conference and trial is scheduled for August 3, 2026, reopening discovery is not feasible.  Like in *Bowers*, the Individual Defendants' "ability to prepare effectively a full and complete trial strategy" is impaired by Plaintiff's failure to properly disclose Johnson as an expert intended to be used at trial. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 564 F. Supp. 2d 322, 335 (D.N.J. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).  These factors weigh in favor of precluding Johnson's testimony.  Accordingly, the Individual Defendants' motion will be granted.

### 2.  Plaintiff's motion

Plaintiff seeks to preclude four of the Individual Defendants' proposed fact witnesses, McGough, Scott, Keesal, and Buro, from testifying at trial based on claims that the Individual Defendants failed to disclose these individuals as witnesses.  At the outset, Plaintiff's motion is denied as to McGough and Scott.  The Individual Defendants assert, and Plaintiff does not dispute, that these witnesses were identified in the Individual Defendants' initial disclosures. *See* Defs.' Opp. Ex. A, Defs.' Initial Discl. at 5, ECF No. 206-2.  Accordingly, Plaintiff's motion to preclude witnesses McGough and Scott from testifying at trial will be denied.

As to witnesses Keesal and Buro, these witnesses were not identified in the Individual Defendants' initial disclosures. *See id.*  Individual Defendants claim that they were not required to supplement their initial Rule 26 disclosures to include Keesal and Buro because, under 26(e), these witnesses were made known in discovery and were otherwise known to Plaintiff. Defs.' Opp. at 2,

ECF No. 206.  Individual Defendants cite depositions, document productions, and responses to interrogatories to support this claim.  For the reasons to be discussed, the Court finds that these witnesses and their potential testimony were not otherwise made known during the discovery process.

Keesal is expected to testify that "(i) he is an employee and investigator with Allstate Special Investigation Unit; (ii) Allstate SIU utilized the DHI, Inc. database product; (iii) Allstate first used the SIU's database product as a result of discussions with Mr. Esposito." FPTO at 45, ECF No. 215.  The Individual Defendants claim to have sufficiently identified Keesal and his proposed testimony through Defendant Esposito's deposition testimony and their amended interrogatory responses.  They state that during his deposition, Esposito testified that Allstate SIU was a customer before the parties entered into the Consulting Agreement. Defs.' Opp. Ex. E, Esposito Dep. ("Esposito Dep.") 25:22–25, ECF No. 206-6.  Esposito elaborated, "[t]hey [Allstate SIU] were our first customer. Our first insurance carrier customer, their SIU, and a gentleman named Scott Keesal, who was on my son's – his son was on my little league team that I coached." *Id.*  The Individual Defendants also contend that Keesal was made known to Plaintiff from their responses to Plaintiff's interrogatories.  They cite to the following amended interrogatory response where Keesal was purportedly referenced, though not by name: "the following were customers of DHI, Inc. prior to the termination of the Consulting Agreement for whom Plaintiff was not paid commissions: . . . Allstate Special Investigations Unit . . . ." Pl.'s Ex. B, Defs.' Am. Interrog. Resp. at 26, ECF No. 202-5.

As to Buro, he is expected to testify that "(i) he is the former officer and employee of Plymouth Rock Insurance; (ii) Plymouth Rock utilized the DHI, Inc. database product; and (iii) Mr. Buro communicated to Mr. Esposito that Plymouth Rock would not continue licensing the

DHI, Inc. Database product if Mr. Poe had any involvement." FPTO at 45, ECF No. 215. Individual Defendants also claim to have sufficiently disclosed Buro's identity and the subject of his proposed testimony through Defendant Esposito's deposition.  At his deposition, Esposito testified that two insurance entities, Highpoint and Palisades, "would not renew their contracts . . . so long as Eric Poe was involved."  Esposito Dep. 92:10–22, ECF No. 206-6.  Individual Defendants also argue that Plaintiff was aware of Buro due to Plaintiff's production of an email chain between himself and Buro. Defs.' Opp. at 9–10, ECF No. 206.  The email chain includes Plaintiff emailing Buro to tell him that he shared Buro's information with Mark Bernstein, a partner at Drivers History. Defs.' Opp. Ex. F, Pl. Email, ECF No. 206-7.  Plaintiff then forwards this email to Bernstein with Buro's contact information. *Id*.

Under Rule 26, "[f]or information to be considered 'otherwise made known,' the alleged disclosure must be clear and unambiguous." *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 04-cv-754, 2006 WL 2938723, at *3 (D.N.J. Oct. 13, 2006).  There is little dispute that "an individual's existence or knowledge can 'otherwise be made known,' and thus be sufficiently disclosed for Rule 26 purposes, through deposition testimony." *Eli Lilly & Co.*, 2010 WL 1849913, at *3. However, "the mere mention of an individual's identity during the course of a deposition is not sufficient." *Id*. at *4.  "For information to be considered 'otherwise made known,' the alleged disclosure must be clear and unambiguous." *Pfizer*, 2006 WL 2938723, at *3.  An alleged disclosure is not clear and unambiguous if it is only a mere "passing mention of a witness" or is "not facially apparent and require[s] the drawing of further inferences." *Sec. & Exch. Comm'n v. Fierro*, No. 20-cv-2104, 2022 WL 22896093, at *2 (D.N.J. Aug. 25, 2022) (citing *Pfizer*, 2006 WL 2938723, at *3); *see Eli Lilly & Co.*, 2010 WL 1849913, at *4.

11

Here, Esposito's deposition testimony, the Individual Defendants' interrogatory responses and Plaintiff's emails regarding Buro did not "otherwise make known" the identity and scope of knowledge as to witnesses Keesal and Buro. Especially with regard to Buro, the Individual Defendants' purported disclosures are not apparent on their face and require inferences to connect the dots between these disclosures and the witnesses. *See Eli Lilly & Co.*, 2010 WL 1849913, at *4 ("Alleged 'disclosures' during discovery that are not facially apparent and require the drawing of further 'inferences' are insufficient to meet the requirements of Rule 26."). Esposito's testimony does not directly attribute the concerns raised by Highpoint and Palisades to a specific actor, much less Buro. In fact, when asked who he spoke to at Palisades, Esposito could not identify the individual, stating "one of them was the president . . . I just don't remember." Esposito Dep. 92:24–93:2, ECF No. 206-6. Like in *Holley,* these passing references are not "an adequate replacement for formal disclosure," in light of the limited, if any, "other discovery productions from which [Plaintiff] could have ascertained [the witnesses] relevant knowledge as it relates to the case." *Holley*, 2018 WL 11413338, at *7; *see also Eli Lilly & Co.*, 2010 WL 1849913, at *9 ("Sporadic mentions in depositions are not a substitute for certified responses to discovery and do not satisfy . . . discovery obligations."). Here, the Individual Defendants failed to demonstrate that they otherwise made known the identities of Keesal and Buro as witnesses.

The Individual Defendants' failure to disclose Keesal and Buro as witnesses pursuant to Rule 26 and the Court's Scheduling Order warrants exclusion pursuant to Rule 37. Plaintiff is prejudiced by the failure to disclose Keesal and Buro and the specific scope of their knowledge. Trial is set to proceed in less than three months. To cure any prejudice in Plaintiff's ability to prepare for trial, the Court would have to reopen discovery, permit additional depositions, and Plaintiff very well may be forced to reconsider his litigation strategy after the case has been

ongoing for six years. *See Holley*, 2018 WL 11413338, at *7. The balancing of the *Nicholas* factors weigh in favor of preclusion.

### III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** on this **22nd** day of **June**, **2026**, that the Individual Defendants' motion *in limine* [ECF No. 201] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion *in limine* [ECF No. 202] is **DENIED** as to his request to exclude the trial testimony of Dave McGough and Michael Scott. Plaintiff's motion is otherwise **GRANTED** to exclude the trial testimony of Scott Keesal and Marc Buro.

<div style="margin-left:40%;">
s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge
</div>

cc:  Hon. Renée Marie Bumb, Chief Judge

13